## SIMMONS *v.* STATE.

### [68 South. 483.]

CRIMINAL LAW. *Prejudicial error. Denial of special venire.*
It was reversible error to refuse a defendant on trial for murder, a special venire when seasonably demanded.

APPEAL from the circuit court of Jasper county.
HON. W. H. HUGHES, Judge.

Tom Simmons was convicted of murder and appeals. The facts are sufficiently stated in the opinion of the court.

*Sharbrough & Bullard,* for appellant.

The attorney-general says that when the defendant was arraigned he waived a special venire and that the court afterward asked him if he desired one. The record does not support but contradicts both statements. It was not mentioned one way or the other by any one at the time of the arraignment, and on the next day when the case was called to ascertain if the subpoenas for the witnesses had been returned and if the witnesses were present the court expressed a willingness to draw one if it should be desired by either side. If the defendant had then demanded a special venire the court was then willing to and would have drawn it, but when he made his application for a continuance on account of his absent witnesses he would have been answered that he had waived this because his witnesses were absent when he demanded the venire, which would have been perfectly true. Therefore, the state seems to think, it was his duty then and there to waive his right to insist on the presence of his witnesses or to waive his right to a special venire. If the absurd position of the state is true one of the other was necessarily true, and

it was a case of, "You shall and you shan't, you will and you won't.

You'll be damned if you do and be damned if you don't." It will be remembered that the defendant was. arraigned the very day the indictment was returned into court and because he did not waive his right to insist on the presence of his witnesses at the trial the law will not imply that he waived his right to a special venire.

But the attorney-general says that he did not apply for a special venire "at the time provided by law." I wish he would kindly point out to us where the law provides this. I cannot find it. I found that the law provides that he may do it after a plea of not guilty is entered; that he cannot do it before, but how long after he "shall have been arraigned and a plea of not guilty entered" it must be before he makes the application, whether ten seconds, ten minutes, ten hours or ten days I cannot tell. I trust, therefore, what counsel for the state will tell us precisely at what time "provided by law" the demand must be made, after which, "he cannot be heard to complain because he has, by such omission, waived the same."

*Ross A. Collins,* Attorney-General, for the state.

The first assignment of error is in regard to the refusal of a special venire. The record shows that an indictment was returned in this case against the appellant and was lost, mislaid or stolen before it had been entered on the "Record of Secret Indictments," and accordingly, upon the discovery thereof, the grand jury returned another indictment the next day which admittedly was exactly the same as the first. The appellant was again arraigned on the second indictment, and a plea of not guilty was entered. At the time of the arraignment and plea, the appellant did not demand a special venire but impliedly waived same, and it ap-

pears from the statement of appellant's counsel, on page 11, of the record, that the court afterwards asked if a special venire was desired. Appellant gives as his reason for not demanding the special venire, his lack of knowledge as to whether the appellant would be ready to proceed with his trial owing to the fact that he would probably have to apply for a continuance. It is to be regretted that the record does not contain a full statement of the facts involved as the bill of exceptions sought by the appellant is of no avail since the judge refused to sign same for the reason that it did not contain a true statement of the facts of the case. However, I think from the language of the pleadings and the orders of court, it is quite apparent that the motion for a special venire coming when it did was very properly overruled.

The causes alleged as a ground for continuance were certainly sufficiently known to appellant to enable him to see with a sufficient degree of certainty whether or not he would eventually have to ask for a continuance or go to trial at that term. Section 1482, of the Code, provides that "An application for continuance in capital cases shall not be entertained after the drawing of a special venire, except in causes arising afterwards, unless a good excuse be shown for not having made the application before."

If he did not ask for a special venire at the time provided by law, he cannot be heard to complain because he has, by such omission, waived same. If he had in the first place desired a special venire, he should have so demanded of the court at the proper time and if afterwards there developed cause for a continuance, he could still have argued the reasons therefor in support of his motion for a continuance provided the reasons arose after the drawing of the special venire, or the existence of a good excuse for not having made application for the continuance before. I submit that such a require-

109 Miss.]    Brief for appellee.

ment is just and proper and constitutes a proper construction of the statute.  The privilege of a special venire did not exist at common law and it is the duty of the accused and his counsel to comply with the statutes granting same.  In this case, the appellant contends that he could not have asked for the special venire at an earlier date because he would have thereby waived his right to a continuance.  I submit that the facts in the case under the terms of the statute do not bear out this contention and I fail to see anything whereby the appellant has been deprived of any right or privilege, or has been done any harm whatsoever by the ruling of the court denying the special venire.

COOK, J., delivered the opinion of the court.

This is an appeal from a conviction for murder.  The record discloses that the defendant seasonably made a motion demanding that a special venire be summoned to try his case.  Much is said in the briefs about when and how this motion was made, but the appellate court is confined to the facts made by the record.  The record shows that the motion was made in the form and within the time fixed by the statute, and that the motion for no reason apparent in the record, was overruled by the trial court.

The defendant, as a matter of right, given by the statute, was entitled to a special venire; and, this right having been denied by the court, it follows that the judgment of the court below must be reversed, and the cause remanded for a new trial.

*Reversed and remanded.*